Robert D. SPRAGUE, et al., Plaintiffs,

v.

GENERAL MOTORS CORPORATION, Defendant.

No. 90–CV–70010.

United States District Court, E.D. Michigan, S.D.

Dec. 17, 1992.

---

See also 145 F.R.D. 418.

Raymond C. Fay, Bell, Boyd & Lloyd, Washington, DC, J. Douglas Peters, David R. Parker, Charfoos & Christensen, Detroit, MI, Roger J. Thomas, Law Office of Michael Gordon, Washington, DC, for plaintiffs.

Robert F. Walker, Ethan Lipsig, Elliot K. Gordon, Paul, Hastings, Janofsky & Walker, Santa Monica, CA, David M. Davis, Daniel G. Galant, General Motors Corp., Detroit, MI, Terence V. Page, Birmingham, MI, for defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

A putative plaintiff class of approximately 40,000 non-union salaried retirees of the General Motors Corporation ("GM") sues under the Employee Retirement Income Security Act of 1974 ("ERISA"). They seek a judgment which would require GM to furnish them with basic health care coverage at no cost to them for their life-times, and for the life-times of their surviving spouses. At issue is whether plaintiffs are entitled to alter the scope of trial to include claims of equitable or promissory estoppel.

In this order, I deny plaintiffs' motion to alter the scope of trial without prejudice.

The essence of the complaint is that GM violated the terms of its health care plan, thereby violating ERISA §§ 402, 502(a)(1)(B) and 502(a)(3), 29 U.S.C. §§ 1102, 1132, when it reduced or eliminated certain health care coverages in 1988. (Complaint, Count II). Plaintiffs also claim that the changes implemented in 1988 constitute a breach of GM's fiduciary duties arising under section 404 of ERISA, 29 U.S.C. § 1104 (Complaint, Count III). Plaintiffs assert separate causes of actions, arising from the same changes in health care coverages, based on breach of contract and equitable or promissory estoppel claims arising under "ERISA federal common law." (Complaint, Counts IV and V). Finally, plaintiffs allege that GM violated the requirements of ERISA by failing to maintain its health care plan pursuant to a written instrument, ERISA § 402(a), 29 U.S.C. § 1102(a); refusing or failing to supply requested information, ERISA § 502(c), 29 U.S.C. § 1132(c); and failing to comply with requirements for summary plan descriptions.

GM moved for summary judgment on Count II, arguing that the coverage modifications instituted in 1988 do not constitute violations of the plan because retirees did not have vested benefits under the plan. Plaintiffs moved for summary judgment on Counts IV and V of the Complaint in favor of early retirees, based on bilateral contracts which allegedly contain GM's promise to provide early retirees with vested health care benefits. GM moved to dismiss Count III.

I granted GM's motion for summary judgment as to the general retirees but denied it as to the early retirees. *Sprague v. General Motors Corp.*, 768 F.Supp. 605 (E.D.Mich.1991). However, I did not foreclose the possibility that GM bilaterally contracted to provide vested benefits to early retirees. I noted that it appears that some early retirement agreements contain GM's promise to furnish early retirees with a particular level of health care coverage in exchange for the early retirees' promise,

among other things, to release GM from liability for certain causes of action. I commented that the early retirement agreements may be enforceable under ERISA as independent bilateral contracts or as modifications of GM's health care benefit plan.

Plaintiffs' motion for summary judgment was denied. I precluded summary judgment for or against the early retirees as a class because I found there are genuine issues of material fact as to: (1) which "early retirement agreements" constitute bilateral contracts; (2) the terms of those contracts; and (3) whether the 1988 changes constitute a breach of those contracts. I granted GM's motion to dismiss Count III. For a more detailed discussion of the procedural history and factual scenario, see my earlier opinion. *Id.*

On November 4, 1991, I issued a class certification order establishing four subclasses of early retirees: (1) those who signed "long form" statements of acceptance; (2) those who signed "short form" statements of acceptance; (3) those who signed "statements of intent" to retire; and (4) those for whom no such documents can be found.

On August 11, 1992, I set trial on Counts II and IV with regard to subclasses (1) and (2). On October 23, 1992, I denied plaintiffs' request for a jury trial. Plaintiffs then sought a writ of mandamus from the United States Court of Appeals for the Sixth Circuit, directing me to reinstate their demand for a jury trial and to conduct the forthcoming trial as a jury matter. On November 16, 1992, the Sixth Circuit denied the petition for writ of mandamus. Subsequently, plaintiffs filed a petition for writ of certiorari with the United States Supreme Court.

Before me now is plaintiffs' motion to alter the scope of trial. If my October 23, 1992, opinion and order granting defendant's motion to strike plaintiffs' jury demand stands, plaintiffs ask that the Count V estoppel claim be folded in with the trial on the contract claims. Plaintiffs ask that the trial on the estoppel claim encompass all four subclasses; plaintiffs say that the retirees in subclass 3 and some retirees in subclass 4 do not have a contract claim, and so they should have their day in court on the estoppel issue.

Because plaintiffs' petition for writ of certiorari before the Supreme Court is pending, I deny plaintiffs' motion to alter the scope of trial without prejudice. Plaintiffs have the right to renew their motion once the Supreme Court has acted on their petition for writ of certiorari.

IT IS SO ORDERED.